IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Anthony Sellers, ) | |
| ) | Cr. No. 5:08-944 |
| Movant, ) | |
| ) | |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Movant Anthony Sellers is a federal inmate currently housed at FCI-Butler Medium II in Butner, North Carolina. On October 22, 2018, Movant, proceeding pro se, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. On November 21, 2018, Respondent United States of America (the "government") filed a motion for summary judgment. By order filed November 26, 2018, pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), Movant was advised of the summary judgment procedures and the possible consequences if he failed to respond adequately. Movant filed a response in opposition to Respondent's motion on January 2, 2019. On May 15, 2019, and August 21, 2019, Movant filed motions to amend the § 2255 motion.

I. <u>FACTS AND PROCEDURAL HISTORY</u>

On December 15, 2009, Movant was found guilty by a jury of conspiracy to possess with intent to distribute and to distribute 5 kilograms or more of cocaine and 5 grams or more of cocaine base, in violation of 21 U.S.C. § 846 (Count 1)[1]; possession with intent to distribute a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C) and 18 U.S.C. § 2 (Count 37); using or carrying or possessing a firearm in furtherance of a drug trafficking crime, in violation of 18

---

[1]The third superseding indictment charged conspiracy to possess with intent to distribute and to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base. ECF No. 593.

U.S.C. 924(c)(1) (Count 38); felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(e) (Count 40); and possession with intent to distribute or distribution or aiding and abetting in the possession with intent to distribute a quantity of cocaine within 1,000 feet of a school, in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(C), and 850(a) and 18 U.S.C. § 2 (Count 41).

Movant was subject to an enhanced sentence pursuant to 21 U.S.C. § 851 based on a conviction on March 1, 2004, for Manufacture, Possess, Other Substance Schedule I, II, III WTD-1st. ECF No. 553. A presentence report (PSR) was prepared that attributed to Movant 5,000 grams of cocaine and 5 grams of cocaine base, for a marijuana equivalent of 1,100 kilograms. According to the PSR, Movant's criminal history included two prior felony drug offenses that served as predicate convictions for purposes of 21 U.S.C. § 851 as well as for career offender status under U.S.S.G. § 4B1.1: (1) a conviction in the Orangeburg County General Sessions Court, South Carolina, on July 16, 2003, for possession with intent to distribute marijuana, to which Movant was sentenced two years confinement; and (2) convictions in the Orangeburg County General Sessions Court, South Carolina, on July 16, 2003, for possession with intent to distribute cocaine, marijuana, and crack cocaine, for which Movant was sentenced to two years confinement. Movant was paroled as to both convictions on March 1, 2004. ECF No. 1430, ¶¶ 28, 29.

Defendant's criminal history points equaled 6, to establish a criminal history category of III. However, because Defendant was deemed to be a career offender, his criminal history category was VI. The PSR grouped Counts 1, 37, and 41. The base offense level for Counts 1 and 37 was 32, based upon 1,000 kilograms of cocaine. See U.S.S.G. § 2D1.1, cmt. 10(D). The base offense level for Count 41 was 33, for a combined offense level of 33. As to Count 40, Defendant's base offense level was 24. Pursuant to U.S.S.G. § 2X1.1, the base offense level for aiding and abetting the

possession with intent to distribute a quantity of cocaine base within 1,000 feet of a school was applied to increase Defendant's base offense level to 33. The combined adjusted offense level pursuant to U.S.S.G. § 3D1.3(a) was 33. Defendant received a four-point increase for being a career offender within the meaning of U.S.S.G. § 4B1.1. Thus, Defendant's total offense level for Counts 1, 37, 38, and 41 was 37. As to Count 38, the guidelines sentence was the minimum term of imprisonment required by statute to run consecutively to any other terms of imprisonment. Absent the mandatory minimum life sentence under § 841(b)(1)(A), Defendant's guidelines range was 360 months to life.

On June 23, 2010, Defendant was committed to the custody of the Bureau of Prisons for a term of life plus 60 months, consisting of life as to Count 1, 360 months as to Count 37, 120 months as to Count 40, 720 months as to Count 41, to run concurrently; and 60 months as to Count 38 to run consecutively to Counts 1, 37, 40, and 41; to be followed by a term of supervised release of 12 years, consisting of 10 years as to Count 1, 6 years as to Count 37, 5 years as to Count 38, 3 years as to Count 40, and 12 years as to Count 41, to run concurrently. Judgment was entered on June 25, 2010.

Movant timely appealed. On February 28, 2013, the Court of Appeals for the Fourth Circuit affirmed Movant's conviction and sentence. On May 27, 2014, Movant filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Among other things, Movant argued that trial counsel was ineffective for failing to raise a double jeopardy challenge regarding the imposition of multiple punishments for Counts 37 and 41. The court ruled that, even if trial counsel were ineffective, Movant could not show prejudice because he was sentenced to a mandatory sentence of life in prison as to Count 1. Movant appealed. The Fourth Circuit agreed with Movant and remanded the case with instructions to vacate Movant's conviction and sentence on Count 37 and

to enter an amended judgment omitting that count. An amended judgment was entered on December 1, 2016 that sentenced Movant to life in prison as to Count 1, 120 months as to Count 40, 720 months as to Count 41, to run concurrently, and 60 months as to Count 38, to run consecutively to Counts 1, 40, and 41; to be followed by a term of supervised release for 12 years, consisting of 10 years as to Count 1, 5 years as to Count 38, 3 years as to Count 40, and 12 years as to Count 41, to run concurrently.[2] Movant again appealed, arguing that the court erred in failing to afford him a full resentencing. The Fourth Circuit determined that the amended criminal judgment was substantially consistent with the Fourth Circuit's mandate, and affirmed by opinion filed July 18, 2017.

Movant asserts the following grounds for relief from the court's December 1, 2016 judgment:

GROUND ONE: Trial Counsel was ineffective for failing to challenge one of the basis for his 851 enhancement, his South Carolina state conviction for possession with intent to distribute marijuana.

GROUND TWO: Based on the First Step Act and Resentencing Reform Act, Petitioner's § 851 enhancements are illegal.

See generally ECF No. 2149, 4-5.

## II. DISCUSSION

A.  Ground One

Movant contends that trial counsel was ineffective for failing to challenge the § 851 enhancement. To prove ineffective assistance of counsel, Movant must show that trial counsel's performance was deficient. See Strickland v. Washington, 466 U.S. 668, 687 (1984). An attorney's performance is deficient when it is not reasonable under prevailing professional norms. Id. at 688. Movant also must demonstrate that he was prejudiced by trial counsel's alleged deficient

---

[2]An amended judgment to correct a clerical error was entered on August 15, 2017.

performance, in that because of trial counsel's unprofessional errors, the result of the proceeding would have been different. See id. at 694. Strickland requires Movant to "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Id. at 690. The court then must "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id. Even if counsel's performance is outside the wide range of professional assistance, an error by counsel will not warrant setting aside the conviction if the error had no effect on the judgment. Id. at 694.

Relying on Moncrieffe v. Holder, 569 U.S. 184 (2013), and Carachuri-Rosendo v. Holder, 560 U.S. 563 (2010), Movant contends that his conviction for possession with intent to distribute marijuana is a misdemeanor that did not qualify as a "felony drug offense" for purposes of 21 U.S.C. 841(b)(1)(A). A "felony drug offense" is defined as any "offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44). Because Movant was subject to more than one year's imprisonment, his state court conviction comprises a "felony drug offense" for purposes of enhancing Movant's sentence.

Moncrieffe and Carachuri-Rosendo v. Holder do not support Movant's position because these cases involved the interpretation of "aggravated felony" under the Immigration and Nationality Act (INA). In Moncrieffe, the defendant was a Jamaican citizen in the United States legally. He was arrested and pleaded guilty in Georgia to possession of marijuana with intent to distribute. The federal government sought to deport the defendant for having been convicted of an "aggravated

5

felony." See 8 U.S.C. § 1227(b)(A)(iii). An "aggravated felony" for purposes of deportation included "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)[.]" 8 U.S.C. § 1101(a)(43)(B). Under 18 U.S.C. § 924(c)(2), a "'drug trafficking crime' meant any felony punishable under the Controlled Substances Act (21 U.S.C. § 801, et seq.) [CSA]," which in turn defined a "felony" as a crime punishable by a sentence of more than one year. See 18 U.S.C. § 3559(a)(5). The Court noted that a state offense constitutes a felony under the CSA "'only if it proscribes conduct punishable as a felony under that federal law.'" Moncrieffe, 569 U.S. at 188 (quoting Lopez v. Gonzales, 549 U.S. 47, 60 (2006)).

Using the categorical approach as generally applied when considering whether a state offense is comparable to an offense listed in the INA, the Court looked at whether the Georgia statute was a categorical match with a generic federal offense. Id. at 190. The Court found that the Georgia statute could fall within either the CSA felony or the CSA misdemeanor provisions of § 841(b)(1)(D) with respect to marijuana distribution offenses. Id. at 193; see § 841(b)(1)(E)(4). Because the Georgia conviction "did not 'necessarily' involve facts that correspond to a offense punishable as a felony under the CSA[,]" the defendant was not convicted of an aggravated felony. Id. at 194-95.

Similarly, the Court in Carachuri-Rosendo v. Holder addressed whether a subsequent state court conviction for a simple possession offense qualified as an "aggravated felony" for purposes of the INA. In Carachuri-Rosendo, the defendant had committed two misdemeanor drug possession offenses in Texas. The first was for possession of less than two ounces of marijuana, for which he was sentenced to twenty days in jail. The second was for possession without a prescription of one tablet of an anti-anxiety medication, for which he was sentenced to ten days in jail. The government

6

sought deportation. On appeal, the Court of Appeals for the Fifth Circuit held that a simple drug possession offense, committed after the conviction for a first possession offense became final, is always an aggravated felony. Carachuri-Rosendo, 560 U.S. at 565.

The Court noted that the term "aggravated felony" is unique to Title 8, which covers immigration matters, and that the term is not found elsewhere in the United States Code. The Court determined that "it is . . . unorthodox to classify this type of petty simple possession recidivism as an 'aggravated felony.'" Carachuri-Rosendo, 560 U.S. at 575. The Court held that a defendant who "has been convicted of a simple possession offense that has not been enhanced based on the fact of a prior conviction [] has not been 'convicted' of a felony punishable under the" CSA. Id. at 582.

Both of these cases involved a separate statutory scheme and the construction of a specific term used only in the immigration context. The fact that Movant's state conviction involved small amounts of marijuana does not exempt him from being guilty of a felony within the meaning of the CSA; his offense was punishable by imprisonment for more than one year under state law. Accordingly, counsel was not ineffective for failing to argue Movant's state court conviction is not a felony under the CSA. Movant's Ground One is without merit.

B.     Ground Two

Movant contends that "by the time this motion reaches the merit stage, the United States Congress would have ushered significant changes to the § 851 statute resulting in a significant reduction" in Movant's sentence. Movant is correct that the First Step Act was signed into law effective December 21, 2018. However, the proper vehicle for seeking a reduced sentence under the First Act is via 18 U.S.C. § 3582(c). Movant currently has such a motion before the court. Movant's Ground Two is without merit.

C.      Motion to Amend filed May 15, 2019

Movant brings to the attention of the court Solorzano v. Sessions, 91 F.3d 125 (4th Cir. 2018). Solorzano involves the question of whether a state court marijuana conviction constituted an aggravated felony under the INA. The court grants the motion to amend; however, the case cited does not support Movant's position for the reasons stated with respect to Ground One.

D.      Motion to Amend filed August 21, 2019

Movant contends he is entitled to relief under Rehaif v. United States, 139 S. Ct. 2191 (2019). In Rehaif, the Supreme Court held that, in a prosecution under 18 U.S.C. §§ 922(g) and 924(a)(2), the government must prove both that the defendant knew he possessed a firearm and that he knew he was prohibited from possessing a firearm. Movant argues that the jury was not instructed to find he was aware of his prohibited status; in fact, the jury was instructed it was not "necessary to prove [Movant] knew he was prohibited from possessing a firearm. Rather, ignorance of the law is not a defense to this charge." ECF No. 2187-1, 3 (copy of jury charge).

Movant's motion to amend is granted. However, contrary to Movant's contention, Rehaif has not been made retroactive to cases on collateral review. See Mata v. United States, 969 F.3d 91 (2d Cir. 2020); In re Sampson, 954 F.3d 159 (3d Cir. 2020); Khamisi-El v. United States, 800 F. App'x 344 (6th Cir. 2020); In re Palacios, 931 F.3d 1314 (11th Cir. 2019). Movant's ground for relief is without merit.

### III. CONCLUSION

For the reasons stated, Respondent's motion for summary judgment, as amended (ECF Nos. 2153) is **granted**. Movant's § 2255 motion (ECF No. 2149) is **denied and dismissed**, with prejudice.

8

IV.  CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir.2001).  The court concludes that Movant has not made the requisite showing.  Accordingly, the court **denies** a certificate of appealability.

**IT IS SO ORDERED.**

/s/  Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

January 26, 2021