IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| United States of America | ) | |
|---|---|---|
| | ) | Cr. No. 5:08-944 |
| vs. | ) | |
| | ) | **AMENDED** |
| Anthony Sellers, | ) | **ORDER AND OPINION**[1] |
| | ) | |
| Defendant. | ) | |
| | ) | |

On December 15, 2009, Defendant Anthony Sellers was found guilty by a jury of conspiracy to possess with intent to distribute and to distribute 5 kilograms or more of cocaine and 5 grams or more of cocaine base, in violation of 21 U.S.C. § 846 (Count 1)[2]; possession with intent to distribute a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C) and 18 U.S.C. § 2 (Count 37); using or carrying or possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count 38); felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(e) (Count 40); and possession with intent to distribute or distribution or aiding and abetting in the possession with intent to distribute a quantity of cocaine within 1,000 feet of a school, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 850(a) and 18 U.S.C. § 2 (Count 41). Defendant was subject to a statutory mandatory term of life imprisonment for the cocaine portion of Count 1 based upon an Information filed pursuant to 21 U.S.C. § 851 seeking an enhanced sentence based on two prior felony drug offenses ( ECF No. 1008); a statutory maximum term of 30 years imprisonment as to Count 37; a statutory term of 5 years to life

---

[1]This order is issued in response to Defendant's motion for reconsideration to correct the court's guidelines range calculations in its order filed June 2, 2021. Thus, Defendant's motion (ECF No. 2281) is **granted**.

[2]The third superseding indictment charged conspiracy to possess with intent to distribute and to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base. ECF No. 593.

imprisonment, to run consecutively to any other term of imprisonment, as to Count 38; a statutory maximum term of imprisonment for 10 years for Count 40; and a statutory maximum term of imprisonment of 60 years as to Count 41.

A presentence report (PSR) was prepared by the United States Probation Office (USPO) that attributed to Defendant 5,000 grams of cocaine and 5 grams of cocaine base, for a marijuana equivalent of 1,100 kilograms. Defendant's criminal history included two prior felony drug offenses that served as predicate convictions for purposes of 21 U.S.C. § 851 as well as for career offender purposes pursuant to U.S.S.G. § 4B1.1. Defendant's criminal history points equaled 6, to establish a criminal history category of III. However, because Defendant was deemed to be a career offender, his criminal history category became VI. The PSR grouped Counts 1, 37, and 41. The base offense level for Counts 1 and 37 was 32, based upon 1,000 kilograms of cocaine. See U.S.S.G. § 2D1.1, cmt. 10(D). The base offense level for Count 41 was 33, for a combined offense level of 33. As to Count 40, Defendant's base offense level was 24. Pursuant to U.S.S.G. § 2X1.1, the base offense level for aiding and abetting the possession with intent to distribute a quantity of cocaine base within 1,000 feet of a school was applied to increase Defendant's base offense level to 33. The combined adjusted offense level pursuant to U.S.S.G. § 3D1.3(a) was 33. Defendant received a four-point increase for being a career offender within the meaning of U.S.S.G. § 4B1.1. Thus, Defendant's total offense level for Counts 1, 37, 38, and 41 was 37, for a guidelines range of 360 months to life. As to Count 38, the guidelines sentence was the minimum term of imprisonment required by statute, to run consecutively to any other terms of imprisonment, which in this case was 5 years to life under 18 U.S.C. § 924(c)(1). Absent the mandatory statutory minimum life sentence under § 841(b)(1)(A), Defendant's guidelines range was 360 months to life imprisonment.

On June 23, 2010, Defendant was committed to the custody of the Bureau of Prisons for a term of life plus 60 months, consisting of life as to Count 1, 360 months as to Count 37, 120 months as to Count 40, and 720 months as to Count 41, to run concurrently; and 60 months as to Count 38 to run consecutively to Counts 1, 37, 40, and 41; to be followed by a term of supervised release of 12 years, consisting of 10 years as to Count 1, 6 years as to Count 37, 5 years as to Count 38, 3 years as to Count 40, and 12 years as to Count 41, to run concurrently. Judgment was entered on June 25, 2010.

Defendant timely appealed. On February 28, 2013, the Court of Appeals for the Fourth Circuit affirmed Defendant's conviction and sentence. Defendant filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on May 27, 2014. Among other things, Defendant argued that trial counsel was ineffective for failing to raise a double jeopardy challenge regarding the imposition of multiple punishments for Counts 37 and 41. The court ruled that, even if trial counsel were ineffective, Defendant could not show prejudice because he was sentenced to a mandatory sentence of life in prison as to Count 1. On appeal, the Fourth Circuit agreed with Defendant and remanded the case with instructions to vacate Defendant's conviction and sentence on Count 37 and to enter an amended judgment omitting that count. An amended judgment was entered on December 1, 2016 that sentenced Defendant to life in prison as to Count 1, 120 months imprisonment as to Count 40, and 720 months imprisonment as to Count 41, to run concurrently; and 60 months as to Count 38, to run consecutively to Counts 1, 40, and 41; to be followed by a term of supervised release for 12 years, consisting of 10 years as to Count 1, 5 years as to Count 38, 3 years as to Count 40, and 12 years as to Count 41, to run concurrently.[3]

---

[3] An amended judgment to correct a clerical error was entered on August 15, 2017.

On August 21, 2019, Defendant filed a motion to reduce sentence pursuant to the First Step Act, asserting the penalty for five grams of cocaine base has been reduced. The government filed a response in opposition on November 6, 2019. Defendant's motion was stayed on February 18, 2020, pending a decision from the Fourth Circuit on United States v. Chambers, 956 F.3d 667 (4th Cir. 2020). Defendant supplemented his motion on April 6, 2020 in light of United States v. Gravatt, 953 F.3d 258 (4th Cir. 2020). The court lifted the stay on May 11, 2020. The USPO filed a sentence reduction report on May 14, 2020. The government filed a response on May 26, 2020, to which Defendant, through counsel, filed a reply on May 27, 2020.

The Fair Sentencing Act of 2010 increased from 5 to 28 grams the threshold quantity of cocaine base necessary to implicate the 5-year mandatory minimum sentence under § 841(b)(1)(B); and increased from 50 to 280 grams the amount of cocaine base necessary implicate the 10-year mandatory minimum sentence under § 841(b)(1)(A). The Fair Sentencing Act had the effect of lowering the 100-to-1 cocaine base-to-cocaine power ratio to 18-to-1. Dorsey v. United States, 567 U.S. 260, 269 (2012). Section 404 of the First Step Act of 2018 made the changes promulgated under the Fair Sentencing Act retroactive if a defendant had been convicted of a "covered offense"; the offense had been committed before August 3, 2010; and the defendant had not already received a reduction under the Fair Sentencing Act. Pub. Law No. 115-391, 132 Stat. 1594 (2018). In this case, Defendant was convicted of a "covered offense" because he was found guilty of conspiracy to possess with intent to distribute and to distribute 5 grams or more of cocaine base along with the cocaine offense in Count 1. See Gravatt, 953 F.3d at 264.

The changes made retroactive by Section 404 of the First Step Act do not implicate Defendant's mandatory life sentence, which was triggered by the five kilograms or more of cocaine

4

and the two prior convictions referenced in the § 851 Information. Defendant argues, however, that his sentence should be reduced because of changes set forth in Section 401 of the First Step Act, which Congress did not make retroactive.

Two changes made under Section 401 are relevant to Defendant's assertion. First, Section 401 reduced the penalties associated with a conviction for 5 kilograms or more of cocaine. A person with no prior serious drug felonies is subject to a term of imprisonment of not less than 10 years or more than life; with one prior serious drug felony, a term of imprisonment of not less than 15 years or more than life; and with two prior serious drug felonies, a term of imprisonment of not less than 25 years. It would appear that, if Defendant were sentenced under current law, Defendant's mandatory statutory sentence would be 10 years to life as to Count 1.

Second, the version of § 841(b)(1)(A) under which Defendant was sentenced provided for a life sentence if the defendant had been convicted of two or more "felony drug offenses." A "felony drug offense" was defined under 21 U.S.C. § 802(44) to mean "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." The current version of § 841(b)(1)(A) provides that an individual with two or more "serious drug felonies" is subject to a term of imprisonment of not less than 25 years. A "serious drug felony" means an offense described under 18 U.S.C. § 924(e)(2), for which the offender served a term of imprisonment of more than 12 months; and the offender's release from any term of imprisonment was within 15 years of the commencement of the instant offense. 21 U.S.C. § 802(57). Section 924(e)(2) provides that a "serious drug offense" is:

    (i) an offense under the Controlled Substances Act (21 U.S.C. 801 et seq.), the

Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46 for which a maximum term of imprisonment of ten years or more is prescribed by law; or

(ii) an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law[.]

The § 851 Information filed by the government notified Defendant that he was subject to increased penalties based upon the following convictions:

1. 7-16-2003: **Possession With Intent to Distribute Marijuana** (Incident Date of 8-2-2001) GS # 01-GS-38-01893. Sentenced to 2 Years Confinement.

2. 7-16-2003: **Possession with Intent to Distribute Cocaine, Possession With Intent to Distribute Marijuana, Possession with Intent to Distribute Crack Cocaine** (Incident Dates of 1-25-2002) GS #s 02-GS-38-571, 572, 573. Sentenced to 2 Years Confinement.

ECF No. 1008.

Paragraphs 28 and 29 of the PSR reflected the first and second predicate offenses, respectively, noted in the § 851 Information. Paragraphs 28 and 29 provide that Defendant was sentenced on the same day, July 16, 2003, to two years confinement as to each offense. Defendant was released to parole on both offenses approximately eight months later, on March 1, 2004. ECF No. 1430, 13-14. As Defendant states, these convictions would not meet the criteria for a "serious drug felony" within the meaning of § 851 because he served less than twelve months on both offenses.

Moreover, if Defendant were not deemed a career offender for purposes of the sentencing guidelines, his base offense level would be 30, after consideration of Amendment 750, plus 1 level under § 2D1.2(a)(2), for a total offense level of 31 as to grouped Counts 1, 40, and 41. With his

6

criminal history category of III, Defendant's guidelines range would be 135-168 months incarceration.

Other district courts in this Circuit have taken a comprehensive approach to resentencing under the First Step Act, and have looked beyond the retroactivity of Section 404. See United States v. Wilson, Crim. No. RDB-03-0309, 2021 WL 1312904 (D. Md. Apr. 7, 2021) (finding that the court was not bound by the 20-year mandatory minimum sentence required by § 851 as it existed at the time of the original sentencing, and that a reduction is consistent with the § 3553(a) factors); United States v. Sappleton, Crim. No. 01-284-PJM-3, 2021 WL 598232 (D. Md. Feb. 16, 2021)("[I]t would be inconsistent with the remedial purpose of the First Step Act to apply statutory penalties that Congress has since reduced and restricted by narrowing the types of convictions that trigger enhanced penalties."); United States v. Day, 474 F. Supp. 3d 790, 801 (E.D. Va. 2020)("[A] reduced sentence imposed under § 404 is not in any sense a continuation of Defendant's original pre-First Step Act sentence, but rather the imposition of a new, never-before-imposed sentence. Defendant therefore will receive 'a sentence for [a covered] offense' that 'has not been imposed as of December 21, 2018" and the penalties to be applied are those that exist at the time of resentencing, including any reduced penalties enacted as part of the First Step Act.").

The Fourth Circuit has instructed district courts to consider post-sentencing rehabilitation evidence when reviewing § 3553(a) factors. Chambers, 956 F.3d at 674-75. In this case, Defendant informs the court that he has been building on his skills from serving in the United States Navy and his years of truck driving, being a forklift operator, foreman, and lead person for an assembly line. ECF No. 2239-1, 1. He states he has taken numerous educational classes and has maintained employment, which at present include being an orderly to the assistant warden, captain, and

7

lieutenant; preparing inmate pay sheets, overseeing forty workers, including compound workers, trash orderlies, and barbershop workers. Defendant states he has maintained communication with his family and friends who remain committed to helping him upon his release. Id. at 2. Defendant has submitted a letter from Deputy Captain R. Wright, FCC-Butner in Butner, South Carolina. Captain Wright states that Defendant has maintained an excellent disciplinary record and has served as a positive role model and example for his peers. Captain Wright informs the court that Defendant assisted in saving the life of a fellow inmate who attempted to hang himself, and that he has assisted the Special Investigative Section by rendering information on staff and inmates who were participating in illicit activities. According to Captain Wright, "[b]ased on Anthony Sellers' demonstrated behavior in doing everything required of him, and the fact that [he] has served as an example for other inmates to follow, I believe, if given the opportunity to return to society, he would serve as a rehabilitated and productive citizen." ECF No. 2225-1, 4.

Defendant's Individualized Reentry Plan - Program Review shows that Defendant earned his GED in 2012 and fulfilled his obligation to the Inmate Financial Responsibility Program. ECF No. 2225-1, 10-11. Defendant also has submitted correspondence from family and friends in support of his release. Defendant is 45 years old, which places him at a possible recidivism rate of 22.3 percent. The Effects of Aging on Recidivism Among Federal Offenders, United States Sentencing Commission (2017). He has been in custody since approximately December 15, 2009.

For the reasons stated, and considering the § 3553(a) factors, including the nature and circumstances of the offense and history and characteristics of Defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; and to provide

Defendant with needed educational or vocational training; and to avoid unwarranted sentencing disparities, the court finds that Defendant is entitled to a reduction as to Count 1. The court also finds that Defendant is entitled to a reduction as to Count 41 under the sentencing package doctrine. See United States v. Hill, Criminal No. JKB-96-00399, 2020 WL 891009, at *4 (D. Md. Feb. 24, 2020) ("Under the sentencing package doctrine, when a district court reconsiders a sentence for one count, it can reconsider sentences for other counts.")(citing United States v. Ventura, 864 F.3d 301, 309 (4th Cir. 2017)). The court finds the following sentence to be sufficient, but not greater than necessary, to effect the purposes of sentencing: Defendant is sentenced to 300 months' imprisonment, consisting of 135 months imprisonment as to Count 1, 120 months imprisonment as to Count 40, and 240 months imprisonment as to Count 41, to run concurrently; and 60 months as to Count 38, to run consecutively to Counts 1, 40, and 41; to be followed by a term of supervised release for 10 years, consisting of 5 years as to Count 1, 5 years as to Count 38, 3 years as to Count 40, and 10 years as to Count 41, to run concurrently. All remaining terms of the judgment entered December 1, 2016 remain in effect.

Defendant also contends that Count 40 should be stricken pursuant to Rehaif v. United States, 139 S. Ct. 2191 (2019)(holding that the government must prove that a person charged with being a felon in possession knew he belonged to a class of persons barred from possessing a firearm), and United States v. Gary, 954 F.3d 194 (4th Cir. 2020)(holding that failure of the government to prove a defendant knew he belonged to a class of persons barred from possessing a firearm is a structural error that affects the defendant's substantial rights). Defendant raised this issue in a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. The court rejected Defendant's argument on the grounds that Rehaif has not been made retroactive on collateral review.

Contrary to Gary, other Circuits have ruled that Rehaif requires a finding of prejudice. On June 14, 2021, the United States Supreme Court issued an opinion overruling Gary. Greer v. United States, No. 19-8709, No. 20-444, 2021 WL 2405146 (June 14, 2021). The within order is issued without prejudice to arguments that may be available to Defendant pursuant to Greer.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

June 21, 2021.