IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| United States of America ) | |
| ) | Cr. No. 5:08-0944 |
| vs. ) | |
| ) | |
| Anthony Sellers, ) | **ORDER AND OPINION** |
| ) | |
| Defendant. ) | |
| _____) | |

On December 15, 2009, Defendant Anthony Sellers was found guilty by a jury of conspiracy to possess with intent to distribute and to distribute 5 kilograms or more of cocaine and 5 grams or more of cocaine base, in violation of 21 U.S.C. § 846 (Count 1);[1] possession with intent to distribute a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C) and 18 U.S.C. § 2 (Count 37); using or carrying or possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count 38); felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(e) (Count 40); and possession with intent to distribute or distribution or aiding and abetting in the possession with intent to distribute a quantity of cocaine within 1,000 feet of a school, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 850(a) and 18 U.S.C. § 2 (Count 41). Defendant was deemed to be a career offender based on a state charge of possession with intent to distribute a quantity of marijuana in 2001 and possession with intent to distribute cocaine, marijuana, and cocaine base in 2002. Defendant was subject to a statutory mandatory term of life imprisonment for the cocaine portion of Count 1; a statutory maximum term of 30 years imprisonment as to Count 37; a statutory term of 5 years to life imprisonment, to run consecutively to any other term of imprisonment, as to Count 38; a statutory maximum term of

---

[1]The third superseding indictment charged conspiracy to possess with intent to distribute and to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base. ECF No. 593.

imprisonment for 10 years for Count 40; and a statutory maximum term of imprisonment of 60 years as to Count 41. On June 23, 2010, Defendant was sentenced to life in prison as to Count 1, 360 months as to Count 37, 120 months as to Count 40, and 720 months as to Count 41, to run concurrently, plus 60 months as to Count 38, to run consecutively to the sentences imposed for Counts 1, 37, 40, and 41. Judgment was entered on June 25, 2010. The Court of Appeals for the Fourth Circuit affirmed on February 28, 2013.

On May 27, 2014, Defendant filed a motion pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of trial counsel. The court issued an order on March 31, 2015 in which the court denied relief on all grounds except for Defendant's contention that counsel did not tell him he was facing a mandatory life sentence if he proceeded to trial and was convicted. The court held an evidentiary hearing on July 13, 2015, and denied Defendant's § 2255 motion in full. By opinion filed July 25, 2016, the Fourth Circuit determined that Defendant's sentences for Counts 37 and 41 violated the Double Jeopardy Clause. The Fourth Circuit remanded with instructions for the court to vacate Defendant's conviction and sentence as to Count 37. The court held resentencing hearings on November 2, 2016 and November 30, 2016. On December 1, 2016, the court entered a amended judgment committing Defendant to life imprisonment as to Count 1, 120 months as to Count 40, 720 months as to Count 41, all to run concurrently, to be followed by 60 months as to Count 38, to run consecutively to Counts 1, 40 and 41. The judgment was amended to correct a clerical error on August 17, 2017.

On August 21, 2019, Defendant filed a motion to reduce sentence pursuant to the First Step Act of 2018. The motion was stayed on February 19, 2020 pending the Fourth Circuit's disposition of the appeal in United States v. Chambers, 3:03-cr-131-MR, 2019 WL 3072641 (W.D.N.C. July

12, 2019). The Fourth Circuit issued its opinion vacating and remanding the lower court's order on April 23, 2020. United States v. Chambers, No. 19-7104, 2020 WL 1949249 (4th Cir. April 23, 2020). The stay in this matter was lifted on May 11, 2020. The court allowed supplemental briefing.

On October 7, 2020, Defendant filed a motion for relief under 28 U.S.C. § 3582(b)(1)(A)(i) for compassionate release. On October 20, 2020, Defendant's compassionate release motion was stayed to allow Defendant to exhaust his administrative remedies. A supplemental motion to reduce sentence under § 3582(b)(1)(A)(i) was filed on November 5, 2020. On November 30, 2020, the § 3582(b)(1)(A)(i) motion was stayed pending the Fourth Circuit's disposition of United States v. McCoy, No. 20-6821 (4th Cir. June 5, 2020). The court lifted the stay on December 10, 2020. The government filed a response in opposition on December 28, 2020, to which Defendant filed a reply on December 30, 2020.

In the meantime, the court granted Defendant's motion under the First Step Act on June 2, 2021. The court observed that, if sentenced today under changes made by the First Step Act, Defendant's mandatory statutory sentence would be ten years to life as to Count 1. Further, his prior offenses would not qualify as serious drug felonies, so that Defendant would not be categorized as a career offender. The court also took into consideration Defendant's post-sentencing rehabilitation. An amended judgment was entered on June 22, 2021 that reduced Defendant's sentence to a term of 300 months, consisting of 135 months as to Count 1, 120 months as to Count 40, and 240 months as to Count 41, to run concurrently, and 60 months as to Count 38, to run consecutively to the sentences imposed for Counts 1, 40, and 41.[2] The Fourth Circuit affirmed on March 30, 2022.

---

[2] An amended judgment was filed on June 2, 2021 that erroneously sentenced Defendant to 168 months as to Count 1. This calculation was corrected subsequent to a motion for reconsideration filed by Defendant on June 4, 2021.

Defendant's current release date is March 25, 2031.

## DISCUSSION

The court now will turn to Defendant's motion under § 3582(c)(1)(A)(i). Section 3582(c)(1)(A)(i) provides:

> (c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that–
>
> (1) in any case–
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> . . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

In <u>United States v. McCoy</u>, 981 F.3d 271, 285 (4th Cir. 2020), the Fourth Circuit determined that the sheer and unusual length of sentences imposed under the prior version of § 924(c), combined with the gross disparity between those sentences and the sentences Congress now believes to be appropriate, constitute extraordinary and compelling reasons for relief under § 3582(c)(1)(A).

Defendant contends that "extraordinary and compelling reasons" compel a reduction in his sentence for many of the same reasons the court addressed in granting Defendant's motion under the First Step Act. Defendant also contends that the court should vacate Count 40 in light of <u>United</u>

4

States v. Rehaif, 139 S. Ct. 2191 (2019).  In Rehaif, the Supreme Court held that, under 18 U.S.C. § 922(g), the government must prove that an individual knew both that (1) he engaged in the prohibited conduct of possessing a firearm and (2) he had obtained the relevant status that made his possession of the firearm illegal.  Id. at 2194.  In United States v. Gary, 954 F.3d 194 (4th Cir. 2020), the Fourth Circuit determined that a standalone Rehaif error on plain-error review per se affects a defendant's substantial rights.  However, the Supreme Court overturned Gary in Greer v. United States, 141 S. Ct. 2090 (2021).  The Court held that, in felon-in-possession cases,

> a Rehaif error is not a basis for plain-error relief unless the defendant first makes a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon. When a defendant advances such an argument or representation on appeal, the court must determine whether the defendant has carried the burden of showing a "reasonable probability" that the outcome of the district court proceeding would have been different.

Id. at 2101.

Defendant has made no such showing.  Defendant is not entitled to relief under Rehaif.

## CONCLUSION

Defendant received the relief he seeks in the court's June 2, 2021 order granting his motion under the First Step Act.  The court has reconsidered the § 3553(a) factors, to the extent they are applicable, and is not inclined to grant Defendant further relief.  For the reasons stated, Defendant's § 3582(c)(1)(A)(i) motions (ECF Nos. 2256, 2267) are **denied**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

May 25, 2022.